**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JEFFERY TODD CRYSTAL,

     Petitioner,

v.                                           Case No.  3:19-cv-4915-LC-MJF

MARK INCH,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's filing a "Request for Leave to Exceed 10-Page Restriction in Enclosed 2254 Memorandum of Law in Support of Claims." (Doc. 1).[1] Petitioner has not filed an actual habeas petition under 28 U.S.C. § 2254, and his motion to exceed the page limit does not contain allegations sufficient to support a claim for relief under 28 U.S.C. § 2254.

_____

[1] The court referred this case to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

"Federal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do if an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (holding that a prisoner could not ask the district court to grant an extension of time to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, before a § 2255 motion was actually filed; the prisoner was seeking an advisory opinion concerning whether he could obtain an extension for a collateral proceeding not yet in existence); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a federal court may grant an extension of time to file a § 2255 motion only if the moving party requests the extension "*upon or after filing* an actual section 2255 motion") (emphasis added); *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").

As this court lacks jurisdiction to rule on any procedural (or substantive) matters before an actual habeas petition is filed, this action should be dismissed.

Page 2 of 3

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** for lack of jurisdiction.

2. The clerk of the court close this case file and send Petitioner the form petition for use in § 2254 cases.

At Panama City, Florida, this 9th day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**